**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

HUGO MALDONADO
*on behalf of himself, FLSA Collective Plaintiffs,*
*and Class Members,*

                                                     Case No.:  15-CV-9306

       Plaintiff,

             v.

EL AGUILA LEX, LLC, *et al.*

       Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH**
**DISCOVERY**

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and Class Members*

## INTRODUCTION

Plaintiff, by his undersigned counsel, Lee Litigation Group, PLLC, respectfully submits this Memorandum of Law in support of his Motion requesting Sanctions pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37 against Defendants EL AGUILA LEX, LLC, EL AGUILA III, LLC, EL AGUILA NY, LLC, PEDRO MATAR and FERNANDO MATAR ("Defendants"), and Michael K. Chong, Esq. ("Mr. Chong"), counsel to Defendants, jointly and severally, for failure to comply with discovery. Plaintiff requests that Defendants and Mr. Chong be held in contempt of court, and that sanctions be assessed against Defendants and Mr. Chong for attorney's fees and costs, on the basis of Defendants' blatant disregard for their discovery obligations and willful non-compliance with multiple Court orders. Plaintiff also reserves the right to seek a default judgment against Defendants, or the striking of Defendants' Answer, or any other sanction available under Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37.

## STATEMENT OF THE CASE

Plaintiff is a former employee of Defendants' three Manhattan "El Aguila" restaurants. He initiated this action by filing his original Complaint on November 25, 2015 (Dkt. No. 1), claiming unpaid back wages and other damages under both the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants. On May 10, 2016, Plaintiff filed his First Amended Complaint. Dkt. No. 28.

## BACKGROUND

Defendants have disregarded, attempted to evade, or unduly delayed the performance of **each and every one** of their discovery obligations in this matter. Their outrageous, deliberate, and continuous non-compliance with Plaintiff's discovery requests and Court orders to compel performance has resulted in a significant and entirely unnecessary waste of judicial resources and

1

increase in Plaintiff's attorney's fees and costs. Although we have reached out to counsel to Defendants in good faith regarding our concerns with Defendants' discovery delinquencies on numerous occasions, he has repeatedly rebuffed Plaintiff by resorting to obfuscation and dilatory tactics.[1]

### i.   Defendants' Failure to Comply With Discovery Obligations Prior to The Initial Conference

Since before the initial conference, Defendants' brazen, contumacious attitude towards their discovery obligations has been evident. On April 21, 2016, Defendants' attorney, Mr. Chong, contacted us and requested that we write to the Court on his behalf to seek an adjournment of the upcoming initial conference, then scheduled for April 28, 2016. Mr. Chong explained that the reason for this request that he was "too busy" to draft a letter requesting the adjournment. As a courtesy to counsel, we filed a letter-motion to adjourn on Defendants' behalf. *See* Dkt. No. 24.

In advance of the rescheduled initial conference (set for May 13, 2016), we reached out to Mr. Chong on May 5, 2016 to discuss discovery and prepare a joint submission and case management plan, pursuant to the Court's initial pre-trial conference order, Dkt. Nos. 15 and 21, and Fed. R. Civ. P. 26. However, Mr. Chong missed multiple scheduled telephone calls between the parties on May 5 and May 6, and repeatedly failed to respond to Plaintiff's numerous attempts to contact him via phone, email and text message. *See* Exhibit A and Exhibit B. Consequently, we were forced to notify the Court that the parties were unable to timely submit the required initial conference submission, due to the fact that Defendants were unavailable to confer. Dkt. No. 26. On May 9, 2016, the Court ordered the parties to meet and confer and submit a joint letter and case management plan by 9:00 a.m. on May 12, 2016, warning that

---

[1] Attached is the certification by Plaintiff's counsel, required under Rule 37.

"[f]ailure to comply with this meet and confer order may result in sanctions". Dkt. No. 27. Moreover, Defendants never provided Plaintiff with the mandatory disclosures required under Fed. R. Civ. P. 26(a)(1).

**ii.**    **Defendants' Failure to Appear For Deposition or Set Deposition Dates**

Plaintiff served Notices of Deposition on Defendants on May 18, 2016. However, on June 23, 2016, only four days prior to the scheduled deposition of Defendant Pedro Matar, Mr. Chong informed us that, due to his busy schedule, Defendants were unavailable to appear on the dates upon which deposition was noticed. *See* Exhibit C.

On July 13, 2016, the parties met and conferred during a telephone call regarding Plaintiff's outstanding discovery requests, and the scheduling of a proposed mediation before the S.D.N.Y. Mediation Panel. During this call, Mr. Chong assured us that, on or before July 15, he would provide us with firm deposition dates for Defendants. *See* Exhibit D. However, Mr. Chong failed to provide us with any deposition dates after this call.

On July 18, 2016, Mr. Chong informed us that, due to his heavy caseload, he wished to postpone the proposed mediation (which Plaintiff and the assigned mediator contemplated scheduling in July or early August) until September. *Id*. Strictly as a courtesy to counsel, we reluctantly assented to his proposed mediation date. However, Mr. Chong subsequently refused to schedule any deposition dates for his clients prior to the mediation date, even though the parties agreed prior to requesting referral to the mediation panel that discovery would proceed as scheduled. *See Id*.

Unwilling to allow further delay of discovery, Plaintiff filed a letter-motion on July 19, 2016, requesting that the Court compel Defendants to appear for depositions prior to July 31, 2016. Dkt. No. 36. Following Defendants' failure to timely respond to Plaintiff's motion, the

Court granted Plaintiff's motion as unopposed on July 25, 2016. Dkt. No. 40. Pursuant to this Order, we sent Mr. Chong new notices of deposition for his clients, scheduling depositions on dates prior to August 1, 2016, as ordered by the Court. *See* Exhibit F. However, Defendants refused to present themselves for deposition on the scheduled dates, openly defying the Court's order to appear for deposition on or prior to August 1, 2016. *See Id*. As a courtesy to Mr. Chong, and in spite of Defendants' serial non-compliance with discovery to this point, we offered Defendants additional deposition dates after the Court-ordered deadline during a meet and confer call on July 27, 2016. *See* Dkt. No. 41. However, Mr. Chong refused to schedule any deposition dates, and hung up the phone, terminating the call abruptly. We subsequently informed the Court of Defendants' intent to flout the July 25 Order. *Id*.

Following the above-referenced meet and confer call, later on July 27, 2016, Mr. Chong filed a letter requesting the Court's indulgence, and blaming Defendants' failure to respond to Plaintiff's motion to compel depositions and Defendants' subsequent refusal to cooperate with Plaintiff regarding scheduling of depositions on staff turnover at his law firm. Dkt. No. 42. In this letter, Mr. Chong represented that he and his clients are available for depositions on August 22 and August 24, 2016, and proposed that depositions take place on those dates. *Id*. On July 28, 2016, Mr. Chong filed a second letter, wherein he contended, without first seeking Plaintiff's views, that the parties were on the cusp of settlement, and that a settlement conference before a Magistrate Judge was appropriate. Dkt. No. 43. In support of this proposition, Mr. Chong attached as an exhibit a draft letter intended for filing in *Banegas v. The Mirador Corp., et al*., 14-cv-8491 (AJN), a separate action before the Court that involves the same counsel, but is entirely irrelevant to this matter. Dkt. No. 43, Exhibit 2. Mr. Chong further contended in his

second letter that no depositions should occur in this matter until after his proposed settlement conference. Dkt. No. 43.

In light of Defendants' submissions, the Court extended the deadline for depositions until August 31, 2016. Dkt. No 44. However, when we contacted Mr. Chong by phone shortly after the issuance of the Order to confirm the dates Mr. Chong had proposed in his letter to the Court, Mr. Chong informed us that his calendar had "filled up", and that he was no longer available for depositions on either August 22 or August 24, 2016.

Since that time, we have reached out in good faith to Mr. Chong on numerous occasions to request that Defendants' depositions be scheduled for dates prior to August 31, 2016, the deadline set forth by the Court, providing Mr Chong with several dates on which we are available. *See* Exhibit G and Exhibit H. However, in spite of the upcoming Court-ordered deadline, Defendants have once again refused to cooperate regarding the scheduling of depositions. Mr. Chong has repeatedly declined to provide Plaintiff with firm deposition dates. *Id.* He has instead obfuscated and delayed by repeatedly setting deadlines for himself to provide us with firm deposition dates, and then disregarding such deadlines. *See, e.g.,* Exhibit H. Recently, Defendants unsuccessfully sought to adjourn the settlement conference with Magistrate Judge Gorenstein ordered by the Court in this matter until August 29, 2016.[2] Plaintiff refused to consent to this contemplated delay, as it appeared to be another dilatory maneuver intended to further postpone Defendants' depositions, in defiance of the Court's order to complete depositions by August 31.

---

[2] In addition to the flouting of Your Honor's discovery and scheduling orders described herein, Defendants have recently missed a deadline to submit the mandatory pre-settlement conference submission required by Magistrate Judge Gorenstein.

iii.   **Defendants' Failure To Respond To Plaintiff's Requests For Production of Documents and Interrogatories**

Additionally, Defendants failed to respond to Plaintiff's document production requests and interrogatories within 30 days of service of same on May 18, 2016. Plaintiff met and conferred with Mr. Chong by phone regarding Defendants' outstanding discovery responses on July 21, 2016. Mr. Chong assured us during the call that he would consult with his clients, and provide Plaintiff with a firm date by which discovery responses would be produced by 5:00 p.m. on July 22, 2016. See Exhibit E. However, Mr. Chong failed to contact Plaintiff by the time promised. In view of Mr. Chong's failure to follow up with us regarding his clients' overdue discovery responses, Plaintiff filed a letter-motion requesting that the Court compel Defendants to produce such responses. Dkt. No. 38.

In response to Plaintiff's submission, Mr. Chong represented in his July 27, 2016 letter to the Court that Defendants would produce the sought discovery responses by August 5, 2016. Dkt. No. 41. On July 29, 2016, the Court so ordered Defendants' proposed August 5, 2016 deadline to produce discovery responses. Dkt. No. 44.

On August 5, 2016, Plaintiff contacted Mr. Chong by telephone to follow up regarding the various outstanding discovery issues described herein. During this call, Mr. Chong requested that Plaintiff "hold off on discovery," pending a Rule 68 offer of judgment he planned to serve on Plaintiff. Plaintiff informed Mr. Chong by phone (and in a subsequent email) that no additional delay in Defendants' discovery production would be permitted, irrespective of any proposed Rule 68 offers. *See* Exhibit I. Nevertheless, Mr. Chong did not provide us with discovery responses by August 5, 2016. In fact, as of today, August 12, 2016, a full week after the Court-ordered deadline, Defendants have still not produced written discovery responses.

## ARGUMENT

Parties or attorneys that engage in "sustained uncooperative conduct during discovery," may be subject to sanctions for violating their discovery obligations, pursuant to Fed. R. Civ. P. 37. *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 22 (S.D.N.Y. 2010). Specifically, sanctions may be imposed on a party (or counsel) pursuant Rule 37(b) for failing to comply with a court order, and pursuant to Rule 37(d) for failing to respond to interrogatories and other discovery requests. Additionally, "Rule 37(a) provides… that the losing party on a motion to compel must pay reasonable expenses, barring extenuating circumstances." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs*., 2005 U.S. Dist. LEXIS 16772, at *40 (S.D.N.Y. Aug. 16, 2005). Similarly, Rule 16(f) provides for the assessment of fees and costs (as well as any other sanction that may be imposed under Rule 37(b)(2)(A)(ii-vii)) on a party or counsel for non-compliance with pre-trial scheduling orders.

In determining whether to impose sanctions for non-compliance with discovery, a court must first consider whether the disobedient party acted with a "culpable" state of mind. *See R.F.M.A.S., Inc*., 271 F.R.D. at 22. "In the Second Circuit, negligence is sufficient to establish culpability." *Id.* Here, as detailed above, Defendants have openly defied three Court orders compelling them to perform discovery obligations, appear to be well on their way to violating a fourth order by continuing to rebuff Plaintiff's attempts to set deposition dates, and, despite the repeated intervention of the Court and Plaintiff's frequent good-faith entreaties to them, have not produced written discovery, or even provided Plaintiff with a date by which their long-overdue written discovery responses will be produced. Defendants have been been provided with every opportunity to remedy the above-mentioned delinquencies, but have refused to do so. In light of

the disturbing lack of good faith demonstrated by their continuous and deliberate malfeasance, Defendants' culpability is self-evident.

Mr. Chong has repeatedly blamed Defendants' myriad shortcomings with respect to their discovery performance on his ongoing struggle to manage his docket. However, his persistent unresponsiveness, frequent false assurances, and misrepresentations to both the Court and to Plaintiff suggest a "remarkably cavalier attitude toward his obligations as counsel of record in this matter." *Martin v. Giordano*, No. 11-CV-4507 (ARR) (JO), 2016 U.S. Dist. LEXIS 61007, at *61 (E.D.N.Y. May 9, 2016). Even if the Court credits Mr. Chong's litany of excuses for Defendants' dereliction of their discovery responsibilities, the negligence threshold for culpability is still clearly met.

Sanctions imposed pursuant to Rule 37(d) additionally require that the information withheld as a result of a disobedient party's failure to comply with discovery obligations be "relevant" to the opposing party's claims. Here, as described above, Defendants have produced **nothing** – no documentary or testimonial evidence at all. Documentary evidence (i.e., payroll records) or testimonial evidence (i.e., Defendants' deposition testimony regarding payroll practices at the El Aguila Restaurants) responsive to Plaintiff's various discovery requests would clearly be relevant to Plaintiff's claims.

This Court "has broad discretion to select appropriate sanctions for discovery misconduct." *Seena Int'l, Inc. v. One Step Up, LTD.*, No. 15-CV-01095 (PKC) (BCM), 2016 U.S. Dist. LEXIS 64850, at *31-33 (S.D.N.Y. May 11, 2016) (citing *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 957 F. 2d 1351, 1365 (2d Cir. 1991). "When fashioning an appropriate sanction, the court should consider the prophylactic, punitive, and remedial rationales of discovery sanctions." *A.V.E.L.A., Inc. v. Estate of Monroe*, 2014 U.S. Dist. LEXIS

25385, at *20 (S.D.N.Y. Feb. 24, 2014) (internal citations and quotation marks omitted). Here, Plaintiff seeks contempt orders and monetary sanctions against Defendants and opposing counsel, pursuant to Rule 16(f), Rule 37(a), Rule 37(b) and Rule 37(d).

"[T]he Second Circuit…instructs that a party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Hunt v. Enzo Biochem, Inc*., 2011 U.S. Dist. LEXIS 117607, at *7 (S.D.N.Y. Oct. 11, 2011). Here, Defendants have brazenly defied a series of routine discovery orders. As far as Plaintiff is aware, Defendants and their attorney have worked hard throughout these proceedings to obfuscate, delay and otherwise frustrate Plaintiff's efforts to secure discovery, but have made no serious efforts to comply with their discovery obligations. Civil contempt orders against Defendants and Mr. Chong are warranted under the above-quoted standard.

Further, under Rule 37(a) "[m]onetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Seena Int'l*, 2016 U.S. Dist. LEXIS 64850, at *33. Plaintiff has thus far filed four separate letter-motions to compel discovery production and depositions – all of which have been granted - in addition to the instant motion for sanctions. Pursuant to Rule 37(a), Defendants are required to reimburse Plaintiff for the attorney's fees and costs incurred due to motion practice necessitated by Defendants' flagrant noncompliance with discovery. Additionally, as "Plaintiff has expended substantial time and effort in attempting to secure…compliance with this Court's Orders… [pursuant to Fed. R. Civ. P. 37(b), he] is entitled to the attorneys' fees and costs [he] has incurred in those efforts." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A*., 96 Civ.

9721(PKL)(THK), 98 Civ. 0123(PKL)(THK), 2002 U.S. Dist. LEXIS 849, at *28 (S.D.N.Y. Jan. 9, 2002) (citing Fed. R. Civ. P. 37(b)). The same is true with respect to scheduling orders, pursuant to Rule 16(f). Further, Plaintiff is also entitled to attorney's fees and costs pursuant to Rule 37(d) for Defendants' failure to respond to Plaintiff's requests for document production and interrogatories.

"Rule 37 allows monetary sanctions for a discovery violation to extend to an "attorney advising that conduct." *United States ex rel. Kirk v. Schindler Elevator Corp.*, 2014 U.S. Dist. LEXIS 41095, at *8 (S.D.N.Y. Mar. 17, 2014). As detailed herein, Defendants' attorney, Mr. Chong, bears responsibility for Defendants' "pattern of evasive discovery behavior" described herein, upon which Plaintiff's motion for sanctions is based, *Mikhlyn v. Bove*, No. 08-CV-03367 (ARR)(RER), 2011 U.S. Dist. LEXIS 116431, at *21 (E.D.N.Y. Aug. 3, 2011), and should be held jointly and severally liable with his clients. *See Id.*, at *27-28.

For the foregoing reasons, Plaintiff respectfully requests that the Court hold Defendants and counsel to Defendants in civil contempt and impose monetary sanctions against Defendants and counsel to Defendants, pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37, together with any other relief that the Court deems just and proper.

Dated: New York, New York         LEE LITIGATION GROUP, PLLC
      August 12, 2016

                      By:    */s/ C.K. Lee*
                            C.K. Lee (CL 4086)
                            30 East 39th Street, Second Floor
                            New York, New York 10016
                            Tel.: (212) 465-1188
                            Fax: (212) 465-1181
                            *Attorneys for Plaintiffs, FLSA Collective*
                            *Plaintiffs, and Class Members*